[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed the instant appeal in the Superior Court seeking judicial review of a decision of the Commissioner of CT Page 5826 Motor Vehicles ordering the suspension of the plaintiff's motor vehicle operator's license for a period of two years in accordance with the administrative license suspension provisions of Connecticut's implied consent law, Connecticut General Statutes § 14-227b, due to plaintiff's refusal to submit to a chemical/alcohol test following his arrest for driving while under the influence of alcohol or drugs.
Two issues are raised in the appeal:
 1) Did the officer have a reasonable basis to justify a stop of Mr. Kolakowski's motor vehicle.
 2) Did the officer have probable cause to arrest Mr. Kolakowski for operating under the influence. . .
The court's review of an administrative decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable.
Officer Bender of the Ansonia Police Department, while following Mr. Kolakowski, observed the plaintiff making a right turn without signalling. The record indicates that Officer Bender was following Mr. Kolakowski with the intended purpose of stopping Mr. Kolakowski to see if he had a valid motor vehicle license.
The police report of Office Bender was properly admitted into evidence. The evidence in the record was sufficient for the hearing officer to determine that the police officer had the requisite reasonable cause to stop the plaintiff for further investigation. The evidence reflects that there was a sufficient basis for a motor vehicle stop.
This court cannot retry the matter or substitute its judgment for that of the hearing officer unless the findings of the hearing officer are clearly erroneous in view of the whole record. This court's function is to determine whether the hearing officer acted illegally, arbitrarily or in abuse of his discretion. It is not for this court to determine whether Mr. Kolakowski was a target for the Ansonia Police Department. The circumstances and background certainly suggest that it is quite likely that Mr. Kolakowski was CT Page 5827 being targeted for whatever reason by the Ansonia Police Department. Officer Bender testified that he intended to stop the plaintiff even before the plaintiff had violated any motor vehicle law or rules of the road.
The court must defer to the hearing officer's assessment of the credibility of the witnesses, in this case, the police officer, and to the hearing officer's right to believe or disbelieve the evidence presented. The only evidence before the hearing officer at the time of the arrest is gleaned from the police report and as observed by Officer Bender as follows:
1) an odor of alcohol;
2) a droopy expression;
3) a stagger in the plaintiff's walk.
Such facts would perhaps raise a suspicion but fall far short for a finding of probable cause that the operator was under the influence of alcohol. There was no erratic driving observed by the police officer nor were any field sobriety tests taken.
Even if totally credible, the above facts do not constitute a finding for probable cause that the operator was under the influence of alcohol at the time of the arrest.
The administrative record does not provide substantial evidence upon which the hearing officer could reasonably have based his finding. In light of the evidence, this court finds that the agency has acted unreasonably, arbitrarily and in abuse of its discretion.
The appeal is sustained.
Coppeto, J.